IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON FOR SEATTLE

| | |
|---|---|
| TYLER HARDY,<br><br>            Plaintiff,<br><br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>            Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT** |

COME NOW TYLER HARDY (hereinafter "Mr. Hardy" or "Plaintiff") the above-named Plaintiff, and in this Complaint alleges as follows against the above-named Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "Defendant" or "STATE FARM") as the proposed Representative of a Class to be comprised of certain insureds of STATE FARM with policies issued in the State of Washington:

### I. INTRODUCTION & STATEMENT OF FACTS

1.1     STATE FARM has advertised, solicited, and sold private passenger automobile insurance policies providing 1st party Underinsured Motorist property damage coverage ("UIM PD") in the State of Washington. This STATE FARM coverage provides, consistent with the

CLASS ACTION COMPLAINT FOR DAMAGES - 1

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

requirements of RCW 48.22.030, and copying the relevant statutory coverage language from RCW 48.22.030(2), payment for

> damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **property damage** caused by an accident. (Bolding in original).

1.2    On June 3, 2021, Mr. Hardy's automobile, a 2020 GMC Sierra K2500 Denali, was damaged when it was hit, while parked, by another vehicle. Mr. Hardy's vehicle, as shown by the repair estimate, required body and paint work to the passenger-side rear bumper and passenger-side rear side fender. The cost of repair for the damage was $3,638.79. Mr. Hardy was not present at the time of the collision and the at-fault driver made no effort to contact Mr. Hardy or to accept responsibility for the collision, and as such the claim involved a hit and run collision. Mr. Hardy filed a Vehicle Collision Report with law enforcement authorities and thereafter presented a claim to STATE FARM to compensate him for the damage to his vehicle pursuant to the UMPD provisions of his insuring agreement with STATE FARM, which pursuant to Washington Law has a $300 deductible.

1.3    STATE FARM investigated the facts, determined fault, and any comparative liability, and the estimated cost of repairs of Plaintiff's vehicle, recording each in STATE FARM's claims files. Based upon its investigation, STATE FARM elected to repair Mr. Hardy's vehicle, and did so, again based upon its investigation, under the UMPD provision of the policy, charging Mr. Hardy the $300 deductible for hit and run UMPD coverage. This determination by STATE FARM entitled Plaintiff to the benefits available under the insuring agreement and Washington law for payment of losses caused by uninsured/underinsured motorists, and nothing further was required from Plaintiff to obtain these benefits.

CLASS ACTION COMPLAINT FOR DAMAGES - 2

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

1.4    While Defendant paid for the repairs to Mr. Hardy's vehicle, those repairs did not, nor could they, fully restore Mr. Hardy's vehicle to its pre-accident condition. When certain automobiles—those within the proposed Class—sustain damage to their structural systems and bodies and require paint work, they cannot be fully restored to their pre-accident condition and are, as a result, tangibly different than they were pre-accident, with that areas of repair (and hence the advent and scope of damage) being able to be determined by knowledgeable potential vehicle buyers. This damage, which cannot be fully restored, causes the vehicles to suffer a loss in value at the time of the accident called "diminished value." Plaintiff's vehicle, which sustained the type of damage discussed above, is an example of a vehicle which cannot be fully restored to pre-loss condition and has therefore suffered diminished value.

1.5    In Washington, it is long established that the compensatory damages one is "legally entitled" to recover from an at-fault driver includes what the law refers to as "Diminished Value." In *Kane v. Nakamoto*, 113 Wash. 476, 481, 194 Pac. 381 (1920), the Washington State Supreme Court held that the measure of damages for injury to a car would be the decrease in its fair market value. That rule has been reaffirmed more recently in *Pugel v. Monheimer*, 83 Wn. App. 688, 690-91, 922 P.2d 1377 (1996) (damages to real property) ""The owner is entitled to damages for both the reasonable and necessary repair costs and the diminution in value remaining after the repairs."") in *Moeller v. Farmers Ins. Co. of Wa.*, 173 Wn.2d 264, 267 P.3d 998 (2011) (automobile damages) and *Grothe v. Kushnivich*, 24 Wn.App.2d 755, 521 P.3d 228 (2022) (automobile damages) ("recoverable damages are measured by the property's diminished value, i.e., the difference between the market value of the property before the loss and its market value after the loss. This is consistent with our holding in *Moeller*."). As WPI 30.12 states, the "compensatory damages" recoverable under Washington

CLASS ACTION COMPLAINT FOR DAMAGES - 3

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

law include "[t]he reasonable value of necessary repairs to any property that was damaged plus the difference between the fair cash market value of the property immediately before the occurrence and its fair cash market value after it is repaired."

  1.6 In Washington State, unlike in most other States, UMPD coverage is *mandatory* coverage, unless it is expressly declined in writing. UMPD is made available "for the protection of persons insured thereunder who are ***legally entitled to recover damages*** from owners or operators of underinsured motor vehicles, hit-and-run motor vehicles, and phantom vehicles ***because of*** … property damage, resulting therefrom." RCW 48.22.030(2) (emphasis added). This statutorily prescribed coverage applies when the at-fault driver (or hit and run at- fault driver) does not have liability insurance (or sufficient insurance) to cover the "***applicable damages*** which the covered person is legally entitled to recover." RCW 48.22.030(1) (emphasis added). Consistent with this mandate, STATE FARM'S insuring agreement promises to pay the following:

> ***We*** will pay compensatory damages for ***property damage*** an ***insured*** is legally entitled to recover from the owner or driver of an ***underinsured motor vehicle***. (Bolding and italics in original).

  1.7 Washington law provides that what triggers coverage, (i.e., the words "property damage"), means "physical damage to the insured motor vehicle." RCW 48.22.030(3). State Farm's insuring agreement, consistent with Washington law, defines "property damage" as "physical damage to or destruction of . . . ***your car*** or a ***newly acquired car***." (Bolding and italics in original). The plain and undisputable language of RCW 48.22.030 shows that it is designed to protect Washington insureds from uninsured or underinsured motorists by allowing them to collect their "legally entitled damages" from their own insurer under UMPD.

CLASS ACTION COMPLAINT FOR DAMAGES - 4

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

1.8     Materially identical UIM language to that in STATE FARM's policy has been found to cover not simply the "physical damage" to the vehicle, but also those damages which resulted from the vehicle sustaining property damage.  (*Kalles v. State Farm Mut. Auto. Ins. Co.*, 7 Wn. App.2d 330, 433 P.3d 523 (2019)).  Moreover, coverage for diminished value has been held to be *mandatory* and non-excludable under Washington's UIM statute.  *Pacheco v. Oregon Mut. Ins. Co.*, 9 Wn. App.2d. 816, 447 P.3d 207, *review denied* 194 Wn.2d 1020 (2020) ("An express policy exclusion for coverage for diminished value of the damaged vehicle is therefore contrary to the UIM statutory language").

1.9     Despite the above, STATE FARM has attempted to expressly *exclude* coverage for diminished value by way of a recent Amendatory Endorsement to the UIM PD provision of its Washington insuring agreements which provides as follows:

**5. UNDERINSURED MOTOR VEIDCLE PROPERTY DAMAGE COVERAGE**

**a. Additional Definitions**
. . .
**(2)**     *Property Damage* is changed to read:
*Property Damage* means physical damage to or destruction of:
**1.**     a [sic] *your car*; or
**2.**     a *newly acquired car*

**and loss of its use.**

*Property Damage* does not include
any reduction in the value
of such car after it has been repaired,
as compared to its value
before it was damaged.  (Bolding and italics in original).

1.10     State Farm, which despite clear Washington law requiring State Farm to cover any diminished value under its UMPD coverage, did not disclose such coverage or adjust Mr. Hardy's claim to include diminished value.

CLASS ACTION COMPLAINT FOR DAMAGES - 5

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

1.11 Mr. Hardy, who knew that the market value of his vehicle was less after having been damaged and repaired, presented a claim to STATE FARM requesting compensation for this loss in value. With this he provided a report providing the information (pre-loss value as of the date of loss, and amount of loss due to diminished value after repair) called for by Washington Law and WPI 30.12), and requesting $5,127.50 in diminished value.

1.12 In correspondence dated August 12, 2021, STATE FARM denied the claim based upon the Amendatory Endorsement, stating "we deny coverage because diminished value of your vehicle is not covered under your policy."

1.13 August 18, 2021 responsive correspondence on behalf of Mr. Hardy to State Farm pointed out to State Farm that not only had its policy been construed back in 2019 to cover diminished value (citing *Kalles v. State Farm Mut. Auto. Ins. Co.,* 7 Wn. App.2d 330, 433 P.3d 523 (2019) but that coverage for diminished value has been held to be *mandatory* and non-excludable under Washington's UIM statute. (Citing and discussing *Pacheco v. Oregon Mut. Ins. Co.*, 9 Wn. App.2d. 816, 447 P.3d 207 (2019) *review denied* 194 Wn.2d 1020 (2020)). As found in *Pacheco*, the legislative mandate of RCW 48.22.030 protects Washington insureds from uninsured or underinsured motorists by allowing them to collect for the damage to their own vehicles from their own insurer under UMPD. As a result, the purported exclusion of diminished value in STATE FARM's Amendatory Endorsement reduces the minimum coverage mandated by statute and is void and unenforceable. As such, Mr. Hardy repeated his demand to be paid both his diminished value and the $475 he had paid to obtain a report documenting the amount of diminished value.

1.14 Despite Mr. Hardy having cited the relevant and binding Washington law contrary to its position, on August 30, 2021 State Farm (not addressing what Mr. Hardy

CLASS ACTION COMPLAINT FOR DAMAGES - 6

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

provided in any way) simply reiterated its denial of coverage: "Our initial coverage decision stands. Property damage, as defined by endorsement 6128BC.1 does not include any reduction in the value of such car after it has been repaired, as compared to its value before it was damaged."

1.15   For those other STATE FARM insureds who have had UMPD claims prior to STATE FARM's Amendatory Endorsement, and those after it, STATE FARM neither adjusted UMPD claims to address the damage which results from diminished value, nor disclosed that such coverage existed, and it has never paid full and fair diminished value damages on UMPD claims. STATE FARM therefore failed to compensate Plaintiff and the members of the putative Class for their "legally entitled (i.e., diminished value) damages" as a result of the exclusion which is not permitted under the language of RCW 48.22.030 and Washington Case law.

1.16   Having improperly denied Mr. Hardy's claim in 2021, on December 10, 2024, State Farm Claims Specialist Nicholas Foster wrote (unsolicited) to Mr. Hardy, stating that State Farm had determined there was "coverage available to you as part of your policy's Uninsured or Underinsured Motor Vehicle Property Damage Coverage that was not previously identified." The correspondence further stated that "[e]nclosed is a check for your vehicle's diminished value (DV) a reduction in the value of a vehicle after it was repaired as compared to its value before it was damaged, plus statutory interest." No explanation for the amounts provided is made, nor did STATE FARM explain the support for the amount of $739.08 it tendered.[1]

---

[1] Plaintiff notes that the check stub notes two payments, one for $500 and one for $189.08. Yet "statutory interest" at 12% in Washington for the 1286 days from the date of loss to the date of payment would be $211.04. Plaintiff assumes that State Farm simply paid a nominal amount

CLASS ACTION COMPLAINT FOR DAMAGES - 7

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

1.17    On information and belief, consistent with the tender of partial payment to Mr. Hardy, STATE FARM does not provide any training to its claims adjusters as to how to place a dollar value on the amount of diminished value on the vehicle, nor does STATE FARM provide training to its claims adjusters as to how to obtain information from third-party resources to assess DV.  STATE FARM does not provide information to its insureds as to what proof of DV it might accept.

1.18    In the few instances in Washington where STATE FARM *has assessed or paid* DV, STATE FARM does not inspect vehicles after repairs.  A post-repair inspection would only be performed if the insured raised a concern about the quality of the repairs made to the vehicle. STATE FARM looks at the market value of the vehicle after it was repaired, assuming it was repaired correctly.  As with Mr. Hardy, STATE FARM does not obtain releases from its UMPD insureds, meaning that following earlier payments of any sums to the insureds, the insureds may seek further benefits under the policy for losses within coverage.

## II. JURISDICTION AND VENUE

2.1    This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest and any fees that might be awarded; and minimal diversity exists.[2]    Plaintiff is a citizen of Washington and Defendant is a

---

($500) on the claim, without making any effort to actually value the loss, and then calculated "statutory interests" in some way that does not reflect Washington Law.
[2] Based upon the Class sizes of other insurers and State Farm's market share in Washington (the largest first party personal lines insurance carrier) Plaintiff believes that there will be approximately 12,141 claims within the proposed class definition at the time of filing, based upon a six-year statute of limitations.  Additionally, average diminished value loss damages have been calculated in other actions by applying Plaintiffs' approach to damages (a statistical regression analysis of vehicle sale prices done by a statistician Dr. Bernard Siskin) based upon a

CLASS ACTION COMPLAINT FOR DAMAGES - 8

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

citizen of Illinois (where it is headquartered).  This Court has personal jurisdiction over Defendant because Defendant is a corporation licensed and authorized to do business in Washington and has transacted business in Washington.  This Court has personal jurisdiction over Plaintiff because Plaintiff consents to this Court's jurisdiction.

2.2     Venue and assignment is proper in this District under 28 U.S.C. § 1391, and LCR 3(e)(1) because King County, Washington is within this District and this is where Defendant operates business through its agents in this State, where the Plaintiff's insurance claim was underpaid by STATE FARM, and where the cause of action against STATE FARM arose.

2.3     Venue and assignment is proper in this District as Plaintiff TYLER HARDY is a citizen of the State of Washington and resides in King County.

### III. THE PARTIES

3.1     Plaintiff resides in the State of Washington, King County.  He was insured under a policy of insurance issued by the Defendant.  Plaintiff paid all premiums due to Defendant and otherwise complied with all obligations under his insuring agreement.

3.2     The Defendant is a foreign insurer, domesticated in Washington, which maintains its head office in Bloomington, Illinois, and has offices and agents in Washington State, and King County, wherein it conducts substantial and ongoing business.

### IV. COMMON COURSE OF CONDUCT BY STATE FARM

4.1     STATE FARM solicits and advertises for consumers to purchase UMPD

---

sampling of claims.  Using the most recent of these average losses — after accounting for prior overlapping damage which can be removed, and for purposes of this figure have been removed, from the recoverable damages — there will be approximately $1,158 per claim in compensatory damage on average for the claims within the proposed Class.   As such the amount in controversy will, on information and belief, exceed $5,000,000.

CLASS ACTION COMPLAINT FOR DAMAGES - 9

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

coverage for their vehicles from STATE FARM.

4.2   The policy that STATE FARM issued to all members of the proposed Class promised to pay

> damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **property damage** caused by an accident. (Bolding in original).

For insureds like Mr. Hardy, STATE FARM has attempted to exclude diminished value via an Amendatory Endorsement which provides that

> **Property Damage** does not include any reduction in the value of such car after it has been repaired, as compared to its value before it was damaged. (Bolding in original).

4.3   Mr. Hardy elected to make a claim under his UMPD policy for his loss due to the at-fault hit and run driver being underinsured. The language in the policy falling within the Class has been authoritatively construed in the *Moeller, Kalles* and *Pacheco* decisions as providing diminished value coverage, and to not allow the exclusion of such coverage. For those other insureds who have not been issued an Amendatory Endorsement, STATE FARM neither disclosed the existence of coverage for diminished value, nor adjusted UIM claims to address the damage which results from diminished value, nor paid full and fair diminished value damages on UIM claims, and such sums remain owing under the policies STATE FARM issued.

## V. CLASS ACTION ALLEGATIONS

5.1   This action is brought as a class action under FRCP 23. STATE FARM's conduct has been systematic and continuous and has affected large numbers of STATE FARM policy holders over time in Washington. Plaintiff brings this class action to secure redress for STATE FARM's uniform and common practice of excluding coverage for diminished value

CLASS ACTION COMPLAINT FOR DAMAGES - 10

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

losses so that STATE FARM has failed to (and it is physically impossible to) fully restore them to their pre-loss condition, including compensation for value, by failing to compensate Class Members for their losses when their vehicles have unavoidable tangible differences after repair. STATE FARM's conduct has been uniform throughout the Class Period.

5.2     All members of the proposed Class have fully complied with all pertinent policy provisions to receive payment under their policies from STATE FARM. Each member of the proposed Class has presented a claim to STATE FARM or its agents to have the loss fully adjusted, and STATE FARM has failed to adjust their claim to include diminished value, or to pay the loss fully. No further performance is required by any member of the proposed Class to secure all available coverages and benefits provided by the STATE FARM policy.

5.3     Plaintiff seeks certification of the following Class:

All STATE FARM Insurance Company insureds with Washington policies issued in Washington State, where the insureds' vehicle damages were covered under Underinsured Motorist coverage, and

  1.  the repair estimates on the vehicle (including any supplements) totaled at least $1,000; and

  2. the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and

  3. the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.

Excluded from the Class are (a) claims involving leased vehicles or total losses, and (b) the assigned judge, the judge's staff and family.

5.4     Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The exact number of Class members is unknown but can be readily determined from the records maintained by STATE FARM. Plaintiff believes based upon discovery in prior cases that the Class size will be approximately 12,141 claims, with a

CLASS ACTION COMPLAINT FOR DAMAGES - 11

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

slightly smaller number of class members (some Class members will have more than one qualifying accident).

5.5     Mr. Hardy is a typical member of the Class.  Mr. Hardy purchased a STATE FARM automotive policy, paid premiums, and made a claim for his loss when his insured automobile was damaged.  Plaintiff filed a claim and made his vehicle available to STATE FARM for determination and payment of his loss.  STATE FARM then failed to adjust the loss to include diminished value, falsely representing to the Plaintiff that there was no coverage for his claim when he requested coverage for diminished value.

5.6     As in the *Moeller* and other decisions, there are numerous and substantial questions of law and fact common to all of the members of the proposed Class which predominate over any individual issues.  Included within the common questions of law and fact are:

    (a) Whether STATE FARM was contractually obligated and obligated under Washington law to provide payment for diminished value to its UMPD insureds;

    (b) Whether STATE FARM's attempt to exclude coverage for diminished value is void and unenforceable Washington law;

    (c) Whether Plaintiffs and the members of the proposed Class had any further obligations before having their UMPD losses adjusted by STATE FARM to include diminished value;

    (d) Whether STATE FARM breached its contracts of insurance with the Class by failing to pay diminished value in UIM claims;

    (e) Whether STATE FARM breached its contracts of insurance with the Class by failing to adjust losses to include diminished value;

CLASS ACTION COMPLAINT FOR DAMAGES - 12

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

(f) Whether vehicles *within the proposed class definition* can be "fully restored to their preloss condition" such that they have the same value post-accident, and

(g) The measure of damages for diminished value for the Class and its amount.

5.7  Plaintiff has no interest adverse to the interests of other members of the proposed Class and will fairly and adequately protect the interests of the Class.

5.8  Plaintiff has retained the undersigned counsel, who are experienced and competent in the prosecution of class actions and complex litigation and have extensive experience with litigation involving diminished value, and who have the resources and experience necessary to prosecute this case.

5.9  A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, due to the refusal of STATE FARM to acknowledge coverage and to adjust and fairly pay the loss, the Class members will continue to suffer damage and STATE FARM's conduct will proceed without effective remedy.

5.10  Individual members of the proposed Class have little interest or ability to prosecute an individual action due to the complexities of the issues involved, the costs of assembling proof of the amount of diminished value, the time required, and the relatively small, although significant (likely averaging around $1,158 per accident once prior overlapping damage is removed) damages suffered by each member of the proposed Class.

5.11  This action will allow the orderly, fair, and expeditious administration of Class claims; economics of time, effort, and expense will be fostered; and uniformity of decisions will be ensured. As with prior diminished value cases in this country, collective adjudication will allow sufficient proof and expertise to be assembled to value fairly and to prove the losses at issue. It will allow a proper and common adjudication of Class wide methods of determining

CLASS ACTION COMPLAINT FOR DAMAGES - 13

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

the amount of diminished value loss, as compared to the common method used by STATE FARM.

5.12    This action will present no difficulties which would impede its management by this Court as a class action, and a class action is the best available means by which Plaintiff and the members of the proposed Class can seek redress for the harm caused to them by STATE FARM.

## VI. PLAINTIFF'S CAUSE OF ACTION: BREACH OF CONTRACT

6.1    Plaintiff realleges the allegations contained in the previous paragraphs as if fully set forth herein.

6.2    Plaintiff and members of the proposed Class entered into contracts with STATE FARM which were identical in all material respects.  They paid all required consideration in the form of premium for the coverage afforded by the STATE FARM policy.  They complied with all conditions precedent under the STATE FARM policies and presented their claims.  As to each claim, before paying to repair the vehicle, STATE FARM found UMPD coverage to exist and to apply and all conditions precedent to payment to be satisfied.

6.3    STATE FARM was obligated under the policy and Washington Law to cover and pay diminished value damages on these losses.  STATE FARM breached the express provisions of the policy and its contract with Plaintiff and members of the Class by not fully restoring vehicles to their pre-loss value and then not paying for the resulting diminished value on those vehicles (such as those within the Class) which resulted.

6.4    "Contract damages are ordinarily based on the injured party's expectation interest and are intended to give that party the benefit of the bargain by awarding him or her a sum of money that will, to the extent possible, put the injured party in as good a position as that

CLASS ACTION COMPLAINT FOR DAMAGES - 14

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

party would have been in had the contract been performed." *Ford v. Trendwest Resorts, Inc.*, 146 Wn.2d 146, 155 (2002) (citation and quotation omitted). This includes the benefit of having the insurer comply with insurance regulations, because when applicable regulations provide a specific procedure for settling claims they become "a part of and should be read into the insurance policy." See *Touchette v. NW Mut. Ins. Co.*, 80 Wn.2d 327, 332 (1972). As a direct and foreseeable consequence of the foregoing, Plaintiff and the members of the Class have been damaged by receiving less (in the form of the difference in the pre-accident market value of the vehicle and its market value as a vehicle repaired to industry standards) than they would have received had STATE FARM paid the amounts Plaintiff and members of the Class were entitled to, in an amount to be determined at trial.

## VII. PRAYER FOR RELIEF

7.1     Plaintiff and the members of the proposed Class have been injured as a result of STATE FARM's conduct as described above. As a result, Plaintiff and the members of the proposed Class are entitled to and pray for the following relief:

1. Payment of the difference between the insured vehicle's pre-loss market value and its market value as a repaired vehicle after the accident;

2. Costs of suit pursuant to RCW 4.84.015;

3. Post-judgment interest on the judgment at the rate provided by law from the date of judgment until paid;

4. Pre-judgment interests at the statutory rate; and

5. For such other relief as is deemed just, equitable and necessary to effectuate the Court's Orders and Judgment.

CLASS ACTION COMPLAINT FOR DAMAGES - 15

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955

WHEREFORE, THE FORGOING BEING CONSIDERED, Plaintiff respectfully requests that the Court certify this case as a Class Action and that judgment be entered for the Plaintiff and members of the proposed Class against STATE FARM for the damages described above, and for any orders necessary to effectuate this Court's Judgment.

DATED this 9th day of January, 2025.

Law Offices of STEPHEN M. HANSEN, P.S.

_____
STEPHEN M. HANSEN, WSBA #15642
Of Attorneys for Plaintiffs

Scott P. Nealey
(To be admitted *Pro Hac Vice*)
Law Office of Scott P. Nealey
201 Spear Street, Suite 1100
San Francisco, CA 94105
Phone: 415-231-5311
Fax:    415-231-5313
Cellular: 415-640-4806
snealey@nealeylaw.com

VERIFICATION

THE UNDERSIGNED verifies under penalty of perjury under the laws of the State of Washington as follows:

That as the above-named Plaintiff, I have read the above and foregoing Complaint, and to the best of my knowledge the allegations contained therein are true and correct.

DATED AT BLACK DIAMOND, Washington, this 9th day of January, 2025.

_____
TYLER HARDY

CLASS ACTION COMPLAINT FOR DAMAGES - 16

Law Offices of
STEPHEN M. HANSEN, P.S.
3800 Bridgeport Way West, Ste. A
PMB 5
UNIVERSITY PLACE, WA 98466
(253) 302 5955