UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYLER HARDY & JERMINE SANTIAGO, | Case No. C25-072-RSM |
| Plaintiffs, | **ORDER RE: PROPOSED PROTECTIVE ORDERS** |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on the parties' competing proposed protective orders. Dkt. #28. For the following reasons, the Court denies Defendant's proposed order and the parties stipulated order.

"The court may enter a proposed stipulated protective order as an order of the court if it adequately and specifically describes the justification for such an order, it is consistent with court rules, it does not purport to confer blanket protection on all disclosures or responses to discovery, its protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal." LCR 26(c)(2).

ORDER RE: PROPOSED PROTECTIVE ORDERS - 1

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." *Id*. "The decision to issue a protective order rests within the sound discretion of the trial court." *Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009).

The parties disagree over Section 10 of the protective order, which governs the termination or return of documents after litigation ends. Plaintiffs propose simply leaving this district's Section 10 of its Model Protective Order as-is, which states:

> Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.
>
> Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.
>
> The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

ORDER RE: PROPOSED PROTECTIVE ORDERS - 2

Dkt. #28 at 4-5. Defendant's proposed Section 10 is much lengthier:

> 10.1 Within one hundred twenty (120) days of the final determination of this action, each person or party who has received information designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be obligated to delete electronic information and destroy or return other forms of information, including any copies, except as provided in paragraph 4.2(h), and that the recipient need not destroy or return transcripts of depositions and materials filed with the Court. Notwithstanding this provision, counsel (including in-house counsel) are entitled to retain one archival copy of all documents filed with the court, even if such materials contain confidential material. Counsel are not entitled to retain confidential documents not within the judicial record. State Farm is entitled to retain documents under applicable insurance regulations, including antifraud regulations; any evidentiary hold orders in connection with other litigation; statutory requirements, including applicable statute of limitations; and State Farm's regular business practices for destruction of documents. Within thirty (30) days of the final determination of this action, counsel of record who have provided information designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to other individuals must inform those individuals that the matter has reached final determination, and remind them of the return or destruction obligation.
>
> Within one hundred fifty (150) days of the termination of this action, counsel of record must certify to opposing counsel of record that all information designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER has been destroyed or returned as required by this Order.
>
> 10.2 The confidentiality obligations imposed by this agreement shall remain in effect until a designating Party agrees otherwise in writing or a court orders otherwise. The obligations of this Order shall survive the termination of this action and continue to bind the Parties, their counsel, and experts and consultants receiving confidential information under 4.2. Counsel's one archival copy is for the sole and exclusive purpose of complying with any Rule of Professional Conduct and ethical obligations owed to their respective clients. Seven (7) years after the termination of this action (including all appeals), all documents that contain confidential material must be shredded (if paper) or deleted (if electronic). The court will have continuing jurisdiction to enforce this Order irrespective of the manner in which this action is terminated.

*Id*. at 5.

Defendant argues that these changes are necessary to prevent conflicts between the protective order and "unique legal requirements imposed on insurance companies," to mitigate "the continual risk of the use of documents in unrelated litigations against State Farm," and to "provide[] a more realistic timeline." *Id*. at 6-7. Plaintiffs contend that "a provision modeled

after the Model for this District was perfectly okay" in prior litigation against State Farm and that "State Farm's real concern is that it does not want counsel who litigate against it being able to check answers State Farm provides in one case against answers State Farm gave in another." *Id*. at 8. Defendant replies that "Plaintiffs' stated desire to use discovery of confidential information across litigation . . . underscores the need for State Farm's proposed Section 10[.]" *Id*. at 9.

While the Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation[,]" it has not adopted a blanket policy permitting collateral litigations automatic access to confidential materials produced in another case's discovery. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131-32 (9th Cir. 2003). But Plaintiffs do not propose any sort of "sharing provision" or otherwise to work around this. *See HDT Bio Corp. v. Emcure Pharmaceuticals, Ltd.*, No. C22-0334JLR, 2022 WL 4131589, at *2 (W.D. Wash. Sept. 9, 2022). The Court disagrees with Defendant that Plaintiffs' statement represents a "stated desire" and finds Defendant's generalized assertion of potential harm in future litigation insufficient. *See Foltz*, 331 F.3d at 1131 ("Apart from generally noting the existence of confidential third party information, which may or may not have been filed, State Farm has not asserted, much less shown, specific harm or prejudice that it expects will arise from disclosure produced in discovery[.]"). Accordingly, the Court will deny Defendant's request.

Even with Plaintiffs' proposed Section 10, the Court finds that the parties' proposed protective order does not conform to the requirement that its "protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles" as stated by Local Rule 26(c)(2). The parties have listed materials such as "[a]ny other proprietary, confidential, competitively sensitive, non-public material of a sensitive or proprietary nature, reinsurance, or trade secret information of State Farm and its related entities, and any financial information[,]" which the Court fails to see how

ORDER RE: PROPOSED PROTECTIVE ORDERS - 4

these proposed confidential materials are any less impermissibly vague than "sensitive business material." Dkt. #28-1 at 2. The Court finds that the parties have impermissibly left the door open to labeling a wide variety of documents as confidential, and they have not submitted any argument to justify this departure form the model protective order's guidelines. For this reason, the Court will deny the parties' Motion.

Having reviewed the instant Motion and the remainder of the docket, the Court hereby finds and ORDERS that the parties' "Expedited Motion for Discovery Pursuant to LCR 37(a)(2) Regarding Entry of Proposed Protective Order," Dkt. #28, is DENIED as stated above.

DATED this 10th day of December, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER RE: PROPOSED PROTECTIVE ORDERS - 5